{¶ 28} I agree with Judge Boggins as to the disposition of this case, but I disagree with a portion of his analysis. The "status quo" is defined in terms of the pre-existing terms and conditions of employment set by the Collective Bargaining Agreement. M. Conley Co. v. Anderson (March 8, 2006),108 Ohio St.3d 252, 2006-Ohio-792, Para. 16. I disagree that a new status quo was created when the Union continued to work under the company's final offer. I also disagree that the Union, by agreeing to work under the expired Collective Bargaining Agreement (retroactive to the date the CBA expired) or strike, was changing the status quo.
 {¶ 29} I agree with Judge Boggins as to the remaining portion of his analysis. I find that Shield Alloy broke the status quo when it implemented its final offer. But, based upon the losses suffered by Shield Alloy and the Union acknowledgement that concessions were necessary, I find that the administrative decision, which found the imposition of Shield Alloy's final offer was reasonable based upon a compelling reason and not done to coerce the Union into accepting the offer, was not unlawful, unreasonable or against the manifest weight of the evidence. Accordingly, I agree with Judge Boggins as to the decision to reverse the judgment of the Guernsey County Court of Common Pleas.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is reversed. Costs assessed to appellees.